IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00653-SOM-10 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | ROBERT AKOLO'S MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT AKOLO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ROBERT AKOLO'S
MOTION FOR COMPASSIONATE RELEASE**

I.      INTRODUCTION.

In 2014, Defendant Robert Akolo entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846. In 2015, this court imposed a below-guidelines sentence of 139 months in prison. He is currently incarcerated at USP Lompoc, and the Bureau of Prisons says his projected release date is April 20, 2024.[1]

---

[1] It is not entirely clear how long Akolo has been in custody. The Government says that Akolo has served 62 months of his sentence, and Akolo does not disagree. The Government appears to be counting from the sentencing date of April 20, 2015. However, Akolo may have been in custody before that date. Akolo was initially arrested in connection with this case while he was in the District of Northern California. He was promptly ordered released on bond in that district. See ECF No. 104. Akolo was not physically present in Hawaii for an initial appearance hearing in Hawaii, and the minutes of that hearing identify him as not in custody. See ECF No. 105. The initial appearance hearing was continued, and at some point he was

Akolo now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The primary basis for his motion is the COVID-19 pandemic. He contends that an underlying medical condition (obesity[2]) makes him vulnerable to complications if he contracts COVID-19. After considering Akolo's medical condition, the time remaining on his sentence, and his history, this court concludes that Akolo has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence.

**II.     ANALYSIS.**

Akolo's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

apparently taken into custody in Northern California, causing the Pretrial Services Office in Hawaii to seek a detention order for him in Hawaii. See ECF No. 193. At the latest, he was in custody at the time of his guilty plea on December 29, 2014, as the minutes of that hearing list him as being present and in custody. ECF No. 319. Thus, it appears he has been in custody for at least 67 months.

[2] While Akolo notes that he suffers from other medical conditions, he appears to concede that only his obesity places him at a heightened risk of complications. ECF No. 659-1, PageID # 4633-34.

2

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

> **A.   Akolo has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).**

According to a declaration filed by his counsel, Akolo submitted an administrative compassionate release request to the warden of his prison on June 12, 2020, more than 30 days before he filed this motion on July 30, 2020.  ECF No. 659-2, PageID # 4642.  That request satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

The Government contends that defense counsel's declaration is insufficient because Akolo "has not put himself

3

under oath."  ECF No. 665, PageID # 4864.  Under the circumstances existing during the ongoing pandemic, this court is not persuaded by the Government's contention.  To ensure social distancing during the pandemic, inmates have been confined to their cells for most of the day.  That means they may well find it difficult to track down and verify their exhaustion documents.  This court is accustomed to hearing from defense counsel that it has been difficult for them to even speak with their imprisoned clients on the phone.  Those conditions understandably make it difficult for attorneys to obtain their clients' statements under penalty of perjury.

By contrast, the Government has the ability to contact a prison warden to ask about what prison records show.  An inquiry by the Government appears particularly reasonable because, even though exhaustion is a prerequisite for the granting of relief, a failure to exhaust is in the nature of an affirmative defense, on which the Government has the burden on this motion.  *United States v. Heffington*, 2020 WL 4476485, at *5 (E.D. Cal. Aug. 4, 2020) ("[I]t has been recognized in other contexts that the failure to exhaust administrative remedies is an affirmative defense on which the party opposing the granting of relief bears the burden of proof."); *see also Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  The Government does

not satisfy that burden here.[3]

In light of the conditions at USP Lompoc, the time-sensitive nature of this type of motion, and the Government's failure to meet its burden of establishing a failure to exhaust, this court takes Akolo at his word. Nothing in the record suggests that Akolo is lying about having submitted an administrative compassionate release request. This court treats him as having satisfied the time-lapse requirement.

> **B. Akolo has not demonstrated that extraordinary and compelling circumstances justify his early release.**

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a

---

[3] This court has noted before that the Government has not provided it with a thorough record regarding conditions at a specific prison. Although the court is unaware of any impediment to the Government's presentation of such information, the Government, in case after case, has failed to present statements from individuals with personal knowledge about the conditions at the prisons at issue. This case is a perfect example: the Government has simply submitted a declaration from an individual stating that "the factual representations and statements set forth in the [Government's brief] are true and correct to the best of my knowledge and belief." ECF No. 665-1, PageID # 4881. Of course, nothing in that statement suggests that the signer of the statement has personal knowledge about the conditions at USP Lompoc. In a closer case, this court will likely weigh as a point against the Government its failure to submit declarations from prison officials with actual knowledge about relevant conditions.

particular defendant has established the existence of extraordinary and compelling reasons that justify early release. This court has stated that it reads § 3582(c)(1)(A) as allowing this court considerable discretion, notwithstanding the absence of an amended policy statement from the Sentencing Commission reflecting the discretion now given to courts under that statute. *See United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).

The CDC currently lists the following conditions as creating an increased risk of a severe illness from COVID-19:

> *Cancer
>
> *Chronic kidney disease
>
> *COPD (chronic obstructive pulmonary disease)
>
> *Immunocompromised state (weakened immune system) from solid organ transplant
>
> *Obesity (body mass index [BMI] of 30 or higher)
>
> *Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
>
> *Sickle cell disease
>
> *Type 2 diabetes mellitus

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fg

roups-at-higher-risk.html (last visited July 23, 2020).

The CDC also lists the following as possibly increasing the risk of a severe illness from COVID-19:

>   *Asthma (moderate-to-severe)
>
>   *Cerebrovascular disease (affects blood vessels and blood supply to the brain)
>
>   *Cystic fibrosis
>
>   *Hypertension or high blood pressure
>
>   *Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines
>
>   *Neurologic conditions, such as dementia
>
>   *Liver disease
>
>   *Pregnancy
>
>   *Pulmonary fibrosis (having damaged or scarred lung tissues)
>
>   *Smoking
>
>   *Thalassemia (a type of blood disorder)
>
>   *Type 1 diabetes mellitus

*Id.*

Under the CDC's guidance, Akolo's obesity increases his risk of a severe illness if he contracts COVID-19. This court notes, however, that the risks to Akolo are somewhat low when he is compared to many other inmates. Akolo does not have multiple medical conditions that all separately increase his risk of complications from the coronavirus, and, at 47 years old, he is

not in a high risk age group.  While this court certainly agrees that Akolo has legitimate concerns about contracting COVID-19, his obesity, standing alone, is not an exceptional and compelling reason that warrants a reduction in sentence.  This court thus examines the other relevant circumstances before reaching a conclusion about how to rule.

Akolo is housed at USP Lompoc, where COVID-19 is present.  There is no dispute that, early in the COVID-19 pandemic, the virus spread rapidly through the prison, with 165 inmates and 24 staff members testing positive and two inmates dying.  This court must consider the serious history at USP Lompoc and the possibility that Akolo might continue to be exposed to COVID-19 and suffer serious complications.  However, the number of active cases is now considerably reduced.  As of today, there are 4 positive inmate tests and no positive staff tests.  *See* www.bop.gov (last visited August 18, 2020).  Whether that reduction is because many inmates now have immunity, because the facility is doing better at controlling the spread, or (of greater concern) because the facility is failing to detect new cases, this court at this point has a record that is less serious than it would have been earlier.

The court must also consider the time remaining on Akolo's sentence.  Akolo has been in custody for a significant period.  ECF No. 319.  However, he still has more than 3 and a

half years until his projected release date. Akolo got a below-guideline sentence. That sentence reflected the seriousness of his offense and was intended to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). This court is not persuaded that a lesser sentence is now warranted.

Finally, this court considers Akolo's criminal history and conduct in prison. Before his conviction in this case, Akolo had been convicted of burglary in 2003. ECF No. 398, PageID # 1627. And, while in prison, on two occasions he has been disciplined for possessing unauthorized items.[4] ECF No. 665, PageID # 4874-75. Akolo's history is not particularly extensive, and he is not a violent offender. Nevertheless, Akolo's prison disciplinary record is not extraordinarily encouraging.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having balanced the seriousness of Akolo's crime, the amount of time remaining on his sentence, his conduct while incarcerated, his criminal history and the potential for recidivism, and the totality of the medical information he has

---

[4] The Government did not submit documents relating to Akolo's disciplinary history, which might have helped the court. Nevertheless, because Akolo does not dispute the Government's assertions, this court accepts that he has been disciplined on two occasions.

submitted, this court determines that the reasons raised by Akolo, while important, do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence.

**III.     CONCLUSION.**

Akolo's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, August 18, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Akolo*, Cr. No. 13-00653-SOM-10; ORDER DENYING DEFENDANT ROBERT AKOLO'S MOTION FOR COMPASSIONATE RELEASE